United States District Court
Southern District of Texas
**ENTERED**
April 03, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **ALEJANDRO TRISTAN ZAMORES,** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | **Civil Action No.** 1:25-cv-302 |
| | § | |
| **EMILIA ESTEFANIA SMITH** | § | |
| **RANERO,** | § | |
| Respondent. | | |

**MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION**

Before the Court is Plaintiff Alejandro Tristan Zamores's "Verified Petition for Return of Children Under the Hague Convention on the Civil Aspects of International Child Abduction and the International Child Abduction Remedies Act (ICARA), 22 U.S.C. § 9001 et seq." (Zamores's "Petition"). Dkt. No. 1. For the reasons provided below, it is recommended that the Court: (1) **DISMISS WITHOUT PREJUDICE** Zamores's Petition for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b); and (2) **DIRECT** the Clerk of Court to **CLOSE** this case.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Zamores initiated this action by filing his Petition on December 23, 2025. Dkt. No. 1. On the same day, Zamores filed his "Application to Proceed in District Court Without Prepaying Fees or Costs" (Zamores's "IFP Application"). Dkt. No. 2. On December 29, 2025, the Court denied Zamores's IFP Application and ordered him to pay the full filing fee by January 12, 2026. Dkt. No. 8 at 1. To date, Zamores has failed to comply with the Court's Order.

1/4

On December 23, 2025, Zamores also filed two notices of change of address. Dkt. Nos. 6, 7. In his first Notice of Change of Address, dated December 7, 2025, Zamores listed his address as 5606 Hilltop Drive, Yakiman, Washington 98901. Dkt. No. 7. In his second Notice of Change of Address, dated December 12, 2025, he listed his address as 436 Pablo Kisel Blvd, Suite 1011, Brownsville, Texas 78526. Dkt. No. 6 at 1.

On January 16, 2026, the Court ordered Zamores to appear in person to show cause as to "1) why his claims should not be dismissed based on his failure to pay the required filing fee; and 2) his failure to comply with the Court's Notice and Order." Dkt. No. 16 at 1. The Court warned Zamores that failure to comply would likely result in his cased being dismissed. *Id.* at 2. On January 23, 2026, the Court rescheduled Zamores's Show Cause Hearing for January 30, 2026. Dkt. No. 18.

Zamores did not appear at the Show Cause Hearing. *See* Minute Entry dated January 30, 2026. The Court announced that it would issue a Report and Recommendation, recommending this case be dismissed for failure to prosecute and failure to comply with the Court's orders. *See id.* Zamores has not filed anything since then and has otherwise failed to prosecute this case.

## II.    LEGAL STANDARD

### A.    Federal Rule of Civil Procedure 41(b)

Federal Rule of Civil Procedure Rule 41(b) ("Rule 41(b)") provides for dismissal for failure to prosecute and comply with a court's orders. "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the

merits." FED. R. CIV. P. 41(b). *See Rossmann v. Pompeo*, No. 3:17-CV-2975-L-BH, 2017 WL 6559152 (N.D. Tex. Nov. 20, 2017), *adopted by*, 2017 WL 6558159 (N.D. Tex. Dec. 22, 2017) (recommending dismissal for failure to prosecute after plaintiff failed to submit application in forma pauperis in compliance with a court order); *Raker v. City of Corpus Christi Police Dept.*, No. MC-08-22, 2008 WL 3317006, at *2 (S.D. Tex. Aug. 7, 2008) (dismissing a plaintiff's action for failure to prosecute after plaintiff failed to submit an amended complaint in compliance with a court order). "District courts may, for appropriate reasons, dismiss cases *sua sponte*. For example, *sua sponte* dismissal is appropriate when a plaintiff fails to prosecute her case." *Carver v. Atwood*, 18 F.4th 494 (5th Cir. 2021) (internal citation omitted). A Rule 41(b) dismissal may be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996).

### III.    DISCUSSION

Zamores has failed to prosecute this case and to comply with the Court's orders. Despite the Court's December 29, 2025, Order [Dkt. No. 8], Zamores has yet to pay the filing fee for this case. On January 30, 2026, Zamores failed to appear for the ordered Show Cause Hearing. *See* Minute Entry dated January 30, 2026; *see also* Dkt. No. 16 at 1; Dkt. No. 18 (rescheduling Show Cause Hearing for January 30. 2026).

Although mail has been returned as "undeliverable" based on the address given by Zamores [Dkt. No. 6], Zamores has instead opted to repeatedly contact the Court's Case Manager both via phone and email. *See* Minute Entry dated January 30, 2026. Zamores, then, while acknowledging receipt of the Court's orders, continues to fail to comply with them. *See id.*; *see also Johnson v. St. Tammany Parish Sheriff's Office*, No. 13-0476 2014 WL 1246117 at *2 n.1 (E.D. La. 2014) (plaintiff acknowledged the court's Show Cause Order by contacting chambers about the order); *Guerra v. 21st Mortg. Corp.*,  No. 5-21-cv-99 2022 WL 16821100

at *4 n.8 (S.D. Tex. 2022) (Kazen, J.) (Report and Recommendation adopted by *Guerra v. 21st Mortg. Corp.*, 5-21-99 2022 WL 16823052 (S.D. Tex. 2022) (Marmolejo, J.)) (plaintiff acknowledged receipt of the court's orders via email). Given Zamores's repeated failure to comply with the Court's orders, and his failure to prosecute this case, this case should be dismissed pursuant to Rule 41(b).

## IV.   RECOMMENDATION

For the foregoing reasons, it is recommended that the Court: (1) **DISMISS WITHOUT PREJUDICE** Plaintiff's claims for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b); and (2) **DIRECT** the Clerk of Court to **CLOSE** this case.

## V.   NOTICE TO PARTIES

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

**SIGNED** on this **2nd** day of **April, 2026**, at Brownsville, Texas.

_____
**Ignacio Torteya, III**
**United States Magistrate Judge**